# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRIS SANTOS,<br><br>          Plaintiff,<br><br>     v.<br><br>LORETTA LYNCH, et al.,<br><br>          Defendants. | Case No. 1:15-cv-00979-SAB<br><br>ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND<br><br>(ECF Nos. 23, 24, 25, 27, 28) |

On April 8, 2016, Defendants Jeh Johnson, John Kerry, Loretta Lynch, and Charisse Phillips ("Defendants") filed a motion to dismiss. (ECF No. 23.) Plaintiff Iris Santos ("Plaintiff") filed an opposition on June 7, 2016. (ECF No. 16.) Defendants filed a reply on June 15, 2016. (ECF No. 25.) All parties have consented to the jurisdiction of a United States Magistrate Judge for all purposes. (ECF Nos. 7, 8.) Oral argument on the motion to dismiss was heard on June 22, 2016. Wahida Noorzad was present for Plaintiff; and Audrey Hemesath appeared telephonically for Defendants. The Court allowed the parties to file simultaneous supplemental briefing regarding the application of Cardenas v. United States of America, No. 13-35957, 2016 WL 3408047 (9th Cir. 2016), to the instant case. (ECF No. 26.) On June 24, 2016, Defendants filed their supplemental brief. (ECF No. 27.) On June 27, 2016, Plaintiff filed her supplemental brief.[1] (ECF No. 28.) For the reasons set forth below, Defendants' motion to

---

[1] Plaintiff's supplemental brief reiterates her arguments from her opposition brief and the hearing.

1 | dismiss is granted without leave to amend.

## I.

## BACKGROUND

Plaintiff filed a complaint in this matter on June 25, 2015.  (ECF No. 1.)  On March 31, 2016, Plaintiff filed a first amended complaint ("FAC").  (ECF No. 20.)

Plaintiff is a United States citizen who filed I-130 immigrant visa petitions on behalf of her parents, Carlos Santos ("Mr. Santos") and Maria Ramos ("Mrs. Santos") with the United States Citizenship and Immigration Service ("USCIS") on May 24, 2013.  (FAC ¶ 18.)  The USCIS approved the petitions and transferred the cases to the United States Department of State for further processing.  (FAC ¶ 18.)  The cases were then sent to the United States Embassy in Guatemala ("U.S. Embassy") for visa processing.  (FAC ¶ 18.)

On February 9, 2015, the U.S. Embassy denied visas to Mr. Santos and Mrs. Santos because they were inadmissible under INA § 212(a)(9)(B)(i)(II) for having lived unlawfully in the United States for a period exceeding 1 year.  (FAC ¶¶ 1, 33.)  On September 8, 2015, the consular officer denied immigrant visas to Mr. and Mrs. Santos under INA § 212(A)(9)(B)(i)(II) and also denied Mr. Santos's visa because he was inadmissible under INA § 212(a)(6)(E), which states that "[a]ny alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any alien to enter or to try to enter the United States in violation of law is in admissible."  (FAC ¶¶ 1, 39.)

Plaintiff brings four claims in her complaint: 1) Defendants' decision is not supported by the record and arbitrary and capricious under the Administrative Procedures Act; 2) Defendants' decision violated the Immigration & Nationality Act; 3) Defendants' decision violated Plaintiff's substantive due process rights under the Constitution; 4) a claim for injunctive relief; and 5) a claim for declaratory relief.  (FAC ¶¶ 44-57.)  Plaintiff is seeking attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. 2412.  (FAC ¶¶ 58-61.)

## II.

## LEGAL STANDARDS FOR MOTIONS TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(1), a party may file a motion to dismiss on

the grounds that the complaint lacks subject-matter jurisdiction. In addition, "[t]he Court must dismiss the action when "the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). The plaintiff bears the burden of establishing jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008).

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

Under Twombly and Iqbal "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. This requires factual content for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Id. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. Id. Further, while the court is to accept all "well pleaded factual allegations" in the complaint as true, id. at 679, it is not bound to accept as true labels, conclusions, formulaic recitations of the elements of a cause of action or legal conclusions couched as factual allegations, Twombly, 550 U.S. at 555. Finally, the conclusory allegations in the complaint are not entitled to the presumption of truth. Iqbal, 556 U.S. at 681.

## III.

## DISCUSSION

Defendants seek dismissal for all of Plaintiff's claims under Federal Rule of Civil

1  Procedure 12(b)(1), for lack of subject matter jurisdiction, and Federal Rule of Civil Procedure
2  12(b)(6), for failure to state a claim.  Defendants argue that the doctrine of consular
3  nonreviewability precludes this Court from reviewing a consular officer's decision to issue or
4  refuse immigrant visas.

5  The Immigration & Nationality Act, 8 U.S.C. § 1181, et seq., gave consular officials the
6  authority to issue or withhold visas.  8 U.S.C. § 1201; Li Hing of Hong Kong, Inc. v. Levin, 800
7  F.2d 970, 971 (9th Cir. 1986).  The Ninth Circuit has consistently upheld the principle that a
8  consular official's decision to issue or withhold a visa is not subject to judicial review.  Li Hing
9  of Hong Kong, 800 F.2d at 970.  On the other hand, an exception to the principle of consular
10  non-reviewability exists where the denial of a visa implicates the constitutional rights of
11  American citizens.  Bustamante v. Mukaskey, 531 F.3d 1059, 1061 (9th Cir. 2008).  When a
12  U.S. citizen raises a constitutional challenge to the denial of a visa, that person is entitled to a
13  limited judicial inquiry regarding the reason for the decision.  Id. at 1062.  If the reason given is
14  "facially legitimate and bona fide[,]" the inquiry ends there.  Id.

15  Here, Plaintiff asserts that her claims for relief implicate her fundamental liberty interest
16  in her family life.  Plaintiff argues that she has a protected liberty interest in her right to live as
17  an adult child with her parents in the United States.  In Bustamante, the Ninth Circuit held that
18  freedom of choice "in matters of marriage and family life is one of the liberties protected by the
19  Due Process Clause." 531 F.3d at 1062.  However, subsequently, the Supreme Court stated in a
20  plurality opinion that "[o]nly by diluting the meaning of a fundamental liberty interest and
21  jettisoning our established jurisprudence could we conclude that the denial of Berashk's visa
22  application implicates any of [his spouse's] fundamental liberty interests." Kerry v. Din, 135 S.
23  Ct. 2128, 2138 (2015) (plurality opinion).  The Court notes that the Ninth Circuit's recent
24  decision in Cardenas v. United States, No. 13-35957, 2016 WL 3408047 (9th Cir. 2016), does
25  not alter the requirement that a plaintiff must show that the denial of a visa implicates the
26  constitutional rights of an American citizen in order for the exception to the doctrine of consular
27  non-reviewability to apply.

28  Plaintiff cites Moore v. City of East Cleveland, 431 U.S. 494 (1977) in support of her

argument that she has a liberty interest in her family life and family unity.  The Supreme Court recognized that "[t]his Court has long recognized that freedom of personal choice in matters of marriage and family life is one of the liberties protected by the Due Process Clause of the Fourteenth Amendment."  Id. at 499 (internal citations and quotations omitted).  The Supreme Court struck down a city ordinance that limited occupancy of a single-family house to members of a single, nuclear family on the ground that "[d]ecisions concerning child rearing … long have been shared with grandparents or other relatives."  Id. at 505-06.  The appellant was convicted of a criminal offense because her family did not fit the nuclear family that the ordinance required.  Id. at 496.  However, Moore is inapposite to the instant case as this case is regulating the issuance of visas to alien parents of an adult child.

Plaintiff argues that "[t]here is no support for Defendant's proposition that the due process rights under the constitution[ ] are implicated only where the U.S. citizen's right to reside with his or her spouse are implicated."  (ECF No. 24 at 12.)[2]  Defendants argue that a marriage relationship is not the equivalent of an adult child-parent relationship.  Defendants cite Al-Aulaqi v. Obama, 727 F.Supp.2d 1, 26 (D.D.C. 2010), in which the District Court of the District of Columbia found that "all circuits to address the issue have expressly declined to find a violation of the familial liberty interest where state action has only an incidental effect on the parent's relationship with his adult child, and was not aimed specifically at interfering with the relationship."  Plaintiffs have not provided any authority, and the Court is not aware of any authority, that an adult child has a constitutional interest in living in the United States with his or her noncitizen parents.  The Court finds that the Ninth Circuit's use of the phrase "in matters of marriage and family life" when finding procedural due process protection for marriages in the context of the denial of a visa or admission and exclusion of aliens has not extended, and does not extend to adult children living with their alien parents in the United States.  The Court notes that the Federal Government is not attempting to forbid parents and adult children from living together.  Plaintiff remains free to live with her parents anywhere in the world where they are

---

[2] The Court's references to page numbers are the ECF page numbers that are stamped at the top of the page.

permitted to reside.

At the hearing on June 22, 2016, and in her June 27, 2016 supplemental brief, Plaintiff argued that because the Citizen and Immigration Service (CIS) allows a quicker turn-around of visa applications for spouses and parents of United States' citizens than for other relatives, an adult child's right to live with her alien parents in the United States should be the equivalent of spouses. In order for an alien to obtain an immigrant visa to enter and permanently reside in the United States, "the alien must fall within one of a limited number of immigration categories." Scialabba v. Cuellar de Osorio, 134 S.Ct. 2191, 2197 (2014) (citing 8 U.S.C. §§ 1151(a)-(b)). The parents, spouses, and unmarried children under the age of 21 of United States' citizens fall within the "immediate relatives" category. See Scialabba, 134 S.Ct. at 2197 (citing 8 U.S.C. §§ 1151(b)(2)(A)(i), 1101(b)(1)). The five less-favored categories are called "preference" categories for "family-sponsored immigrants" and are "distant or independent relatives of [United States'] citizens, and certain close relatives of [legal permanent residents]. Scialabba, 134 S.Ct. at 2197 (citing 8 U.S.C. §§ 1151(a)(1), 1153(a)(1)-(4)). However, the fact that the Executive Branch includes parents and spouses of United States' citizens in the "immediate relatives" category for purposes of visa applications does not mean that an adult child has a liberty interest in their parents living in the United States.

Therefore, the Court finds that Plaintiff does not have a liberty interest as an adult child to live in the United States with her parents. As the denials of Mr. and Mrs. Santos's visa applications do not implicate Plaintiff's liberty interest in family life, there is no process due to her under the United States Constitution. The Court does not need to conduct any further review of the reasons for the consular official's denials of Mr. and Mrs. Santos's visa applications.

Even if the Court was to find that Plaintiff stated a liberty interest in living in the United States as an adult child with her parents, Plaintiff has failed to allege that the reasons offered by the consular official for denying her parents' visa applications were not "facially legitimate and bona fide." Bustamante, 531 F.3d at 1062; Din, 135 S. Ct. at 2140 (Kennedy, J., concurring). The Ninth Circuit in Cardenas found that based on the Din concurrence there are two components to the "facially legitimate and bona fide" test:

> First, the consular officer must deny the visa under a valid statute of inadmissibility. [Din, 135 S.Ct. at 2140-41] (consular officer's citation to § 1182(a)(3)(B) "suffices to show that the denial rested on a determination that Din's husband did not satisfy the statute's requirements," and "the Government's decision to exclude an alien it determines does not satisfy one or more of [the statutory conditions for entry] is facially legitimate under Mandel"). Second, the consular officer must cite an admissibility statute that "specifies discrete factual predicates the consular officer must find to exist before denying a visa," or there must be a fact in the record that "provides at least a facial connection to" the statutory ground of inadmissibility. Id. at 2141. Once the government has made that showing, the plaintiff has the burden of proving that the reason was not bona fide by making an "affirmative showing of bad faith on the part of the consular officer who denied [ ] a visa." Id.

See Cardenas, 2016 WL 3408047, at *6.

Here, the consular officer who denied Mr. and Mrs. Santos's visa applications determined that they were ineligible for visas under § 212(a)(9)(B)(i)(II) of the Immigration and Nationality Act because they lived unlawfully in the United States for a period exceeding 1 year. The consular officer also denied Mr. Santos's visa application under § 212(a)(6)(E), because as an alien, Mr. Santos knowingly encouraged, induced, assisted, abetted, or aided an alien to enter or to try to enter the United States in violation of law.

Plaintiff concedes that "the consular officer in this case provided a facially legitimate reason for denying visas to Plaintiff's parents, [so] the "facially legitimate" prong of the Bustamante test is satisfied." (ECF No. 24 at 13.) The consular officer cited a valid admissibility statute that "specifies discrete factual predicates the consular officer must find to exist before denying a visa." Cardenas, 2016 WL 3408047, at *6 (quoting Din, 135 S.Ct. at 2141). The burden then shifts to Plaintiff to make an "affirmative showing of bad faith on the part of the consular officer who denied [ ] a visa." Id.

Plaintiff alleges that the consular officer acted in bad faith in denying visas to Mr. and Mrs. Santos because the record showed that Mr. and Mrs. Santos were not inadmissible under INA § 212(a)(9)(B)(i)(II). Plaintiff argues that Mr. and Mrs. Santos qualified for the bona fide asylum exception to inadmissibility under INA § 212(a)(9)(B), and they applied and received employment authorization in the United States prior to April 1, 1997, and continued to receive employment authorization until they left the United States on September 29, 2013. Plaintiff also argues that the consular officer acted in bad faith because the consular officer only found that

Mr. Santos was inadmissible under INA § 212(a)(6)(E) for allegedly assisting Mrs. Santos to enter the United States illegally after the complaint was filed in this Court.

However, the Court notes that Plaintiff has not alleged facts sufficient to establish that the consular officer who denied Mr. and Mrs. Santos's applications did so in bad faith. See Twombly, 550 U.S. at 570. As Plaintiff has not plausibly alleged with sufficient particularity an affirmative showing of bad faith on the part of the consular officer who denied Mr. and Mrs. Santos's visa applications, the Court may not second-guess the consular officer's decision by analyzing the reasons for the denials of Mr. and Mrs. Santos's visa applications. See Din, 135 S. Ct. at 2141 (explaining that courts may not look for additional factual details behind a decision to deny a visa application "beyond what its express reliance on [the statute] encompassed.").

Generally, leave to amend shall be freely given when justice so requires. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). "This policy is 'to be applied with extreme liberality.'" Id. (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Leave to amend should be freely given in the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. Id. at 1051-52. Absent prejudice, or a strong showing of the other factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. Id. at 1052. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." Id. at 1052 (citing Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996)).

The Court finds that leave to amend would be futile, because Plaintiff cannot allege facts in an amended complaint to establish that the denials of Plaintiff's parents' visa applications implicate the constitutional rights of Plaintiff. Accordingly, Defendants' motion to dismiss is granted, and Plaintiff's complaint is dismissed without leave to amend.

\ \ \

\ \ \

8

**IV.**

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to dismiss is GRANTED;
2. Plaintiff's claims are DISMISSED without leave to amend; and
3. The Clerk of Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:   **June 29, 2016**

UNITED STATES MAGISTRATE JUDGE